UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LESTER I. CRANDALL,

                        Petitioner,

v.                                                  9:07-CV-0891 (GTS/GHL)

J. JUBERT, Acting Supervisor,

                        Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

LESTER I. CRANDALL, 06-B-0858
  Petitioner, *Pro Se*
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

HON. ANDREW M. CUOMO                      LEILANI J. RODRIGUEZ, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before this Court, in this habeas corpus proceeding filed *pro se* by petitioner Lester Crandall ("Petitioner") pursuant to 28 U.S.C. § 2254, is United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 15.) For the reasons set forth below, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety: Petitioner's petition is denied and dismissed in its entirety; and the Court directs that a certificate of appealability not issue.

I.     APPLICABLE LEGAL STANDARDS

    A.     **Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

    [1]    On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

    [2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

  **B.**  **Standard Governing Review of Petitioner's Habeas Petition**

Magistrate Judge Lowe correctly recited the legal standard governing review of Petitioner's *habeas* petition. (Dkt. No. 15, at 2-4.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

**II.**  **RELEVANT BACKGROUND**

On August 30, 2007, Petitioner filed his habeas corpus petition. (Dkt. No. 1.)[3] On September 13, 2007, Petitioner filed a memorandum of law in support of his petition. (Dkt. No. 4.) On December 7, 2007, Respondent filed a memorandum of law in opposition to Petitioner's petition, and a response. (Dkt. Nos. 6, 7.) On January 7, 2008, Petitioner filed his traverse. (Dkt. No. 11.) On June 1, 2010, Magistrate Judge Lowe issued a Report-Recommendation, recommending that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 15.) On June 16, 2010, Petitioner submitted his Objections to the Report-Recommendation. (Dkt. No. 16.)

For the sake of brevity, the Court will not repeat the factual background of Petitioner's March 2006 conviction for sale of a controlled substance in the third degree and possession of a controlled substance in the third degree, but will simply refer the parties to the relevant portions of Magistrate Judge Lowe's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 15, at 1-2.)

---

  [3]  For a complete recitation of the grounds on which Petitioner argues that he is entitled to habeas relief, the Court refers the reader to the Petition, and to Magistrate Judge Lowe's Report-Recommendation. (*See* Dkt. Nos. 1, 15.)

  A. **Petitioner's Claims**

In his petition, Petitioner claims that there are three grounds that entitle him to habeas relief: (1) the prosecution and police intentionally withheld and spoliated exculpatory evidence; (2) his trial counsel was ineffective; and (3) the police and confidential informant committed perjury. (Dkt. No. 1, at 2-6.)

  B. **Magistrate Judge Lowe's Report-Recommendation**

In his Report-Recommendation, Magistrate Judge Lowe recommends the dismissal of Petitioner's petition on the basis that Petitioner has not made a substantial showing that he was denied a constitutional right. (Dkt. No. 15, at 28.)

More specifically, in his Report-Recommendation, Magistrate Judge Lowe recommends dismissal of Petitioner's first claim (i.e., that the prosecution withheld and spoliated exculpatory evidence) because (1) Petitioner is unable to establish the first *Brady* requirement (i.e., that the alleged items removed from his truck were favorable), (2) Petitioner has failed to establish the second requirement (i.e., that the prosecutor suppressed favorable evidence, either willfully or inadvertently), and (3) in light of the overwhelming evidence of Petitioner's guilt introduced at trial, Petitioner is unable to establish the third *Brady* requirement (i.e., that prejudice ensued as a result of the prosecutor's failure to turn over evidence).

Magistrate Judge Lowe also recommends dismissal of Petitioner's second claim (i.e., that his trial counsel was ineffective) because none of Petitioner's sixteen different reasons for ineffectiveness were supported by the trial record. (Dkt. No. 15, at 8-21.)

Finally, Magistrate Judge Lowe recommends dismissal of Petitioner's third claim (i.e., that the police and confidential informant committed perjury) because Petitioner failed to establish that any testimony was false. (Dkt. No. 15, at 21-28.)

### C. Petitioner's Objection

In his Objection, in addition to "rely[ing] on his Petition and the cases cited therein," Petitioner discusses at length two related civil actions that he has brought in Fulton County Court, which have been consolidated and scheduled for trial on July 28, 2010. (Dkt. No. 16, at 1.) Petitioner requests a sixty (60) day stay of this action, because it is "very probable" that the upcoming civil trial will provide him with further evidence surrounding the seizure of his truck, which will help him establish that he is entitled to habeas relief. (Dkt. No. 16, at 1-5.)

## III. ANALYSIS

As an initial matter, the Court finds that Petitioner has failed to make specific objections to Magistrate Judge Lowe's Report-Recommendation. As a result, the Court must review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation and Petitioner's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Lowe, and rejects each of Petitioner's Objections thereto. (Dkt. Nos. 15, 16.) Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 15, at 2-28.) As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two points.

First, the Report-Recommendation would survive even a *de novo* review. Second, without belaboring the point, Petitioner's conviction stems from his sale of cocaine to a confidential informant, which occurred outside of a convenience store in Amsterdam, New York, and was observed by police officers. As a result, Petitioner has failed to explain how any new evidence related to the "facts and circumstances of the seizure [of his vehicle]," which occurred

5

after he sold cocaine to the informant, bears on the constitutionality of his conviction and resulting detention.

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that the petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED** in all regards; and it is further

      **ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: August 20, 2010
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge